dense, *held* that the evidence did not show the statute was violated and that the mere escape of steam did not render the boiler room an unsafe place to work.

2. MASTER AND SERVANT, § 561*—*admissibility of evidence.* Under a declaration charging employer with negligence in allowing steam to escape in the boiler room and in allowing window glass to remain broken so that cold air would cause the steam to rapidly condense, *held* that testimony as to the breaking of a "T" was erroneously admitted as no mention was made thereof in the declaration.

3. MASTER AND SERVANT, § 98*—*statute imposing duty to guard hatchways construed.* Section 4 of the Act of 1910 providing for the health, safety and comfort of employes (R. S. 1911, ch. 48, ¶ 92, J. & A. ¶ 5389) does not require hatchways to be fenced while in use, in addition to providing a covering therefor when not in use.

4. STATUTES, § 27*—*when defendant not required to plead the exception in a statute.* In an action based on section 4 of R. S. ch. 48, ¶ 92, J. & A. ¶ 5389, to recover for personal injuries resulting from falling into an open hatchway, defendant is not required to plead specially the exception mentioned in the statute.

5. MASTER AND SERVANT, § 302*—*when doctrine of assumption of risk inapplicable.* Doctrine of assumption of risk is not applicable where there has been a violation of a statute.

---

### Edward Mertzen, Appellee, v. Herman H. Hettler Lumber Company, Appellant.

### Gen. No. 18,882.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

### Statement of the Case.

Action by Edward Mertzen against Herman H. Hettler Lumber Company, a corporation, to recover damages for personal injuries sustained by plaintiff while in the employ of defendant and alleged to have re-

sulted by the starting of a planing machine when plaintiff was cleaning the same preparatory to changing the knives. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendant appeals.

H. L. Howard, for appellant.

John W. Sutton, for appellee; Martin L. Wilborn, of counsel.

Mr. Justice Clark delivered the opinion of the court.

### Abstract of the Decision.

Master and servant, § 683*—*when evidence sustains verdict for injury to employe resulting from defective belts starting a planing machine.* In an action to recover for injuries sustained by plaintiff resulting from the starting of a planing machine while he was cleaning it, the declaration alleging that defendant was negligent in allowing a belt to remain improperly laced and fitted to a pulley so as to run from a loose to a tight pulley, a verdict for plaintiff *held* sustained by the evidence, it appearing that the belt had been fixed just prior to the accident and had been represented to be in proper condition for running by a person in the position of a vice principal.

---

### Grace V. Wiesbach, Appellee, v. Herman H. Hettler Lumber Company, Appellant.

### Gen. No. 18,883.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Hugo Pam, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.